TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-09-00113-CV






In re John Koo Hyun Kim







ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Relator John Koo Hyun Kim has filed what we interpret to be a petition for writ of
mandamus complaining of the trial court's order declaring him a vexatious litigant. (1) See Tex. Civ.
Prac. & Rem. Code Ann. §§ 11.001-.104 (West 2002). The trial court declared Kim a vexatious
litigant in a suit Kim brought against twenty-four individuals related to Kim's church, the Austin
Korean Presbyterian Church ("AKPC"), and several local and national Presbyterian Church
organizations. Kim complained that the pastor of the AKPC was terminated against the wishes of
the congregation and that persons in authority threatened the pastor until he tendered his resignation. 
Kim demanded that he be paid $10,000,000 in damages, demanded a five-day jury trial to commence
two weeks after his petition was filed, and filed an affidavit of indigence. See Tex. R. Civ. P. 145. 
It appears that only five of the twenty-four named defendants were ever served, and those defendants
filed a motion to have Kim declared a vexatious litigant. On March 2, 2009, the trial court signed
an order declaring Kim a vexatious litigant, making the required findings under section 11.054 of
the civil practice and remedies code, and required him to file $26,000 in security no later than
March 16 to avoid having his suit dismissed. See Tex. Civ. Prac. & Rem. Code Ann. §§ 11.055,
.056. The court further barred Kim from filing any new litigation in any court in Texas without
permission by the local administrative judge. See id. §§ 11.101, .102. On March 6, the trial court
signed a supplemental order stating that Kim's suit related to his church was stayed. Kim has sought
review in this Court of the trial court's orders, and, as discussed in our earlier footnote, we will
consider his documents as seeking mandamus relief. In his filings, he accuses the trial court of
misconduct and states that the court "violated tons of statutes and covered up terrorism from
Presbyterian Church (USA)" and "failed to rebut my proof of terrorism." He also states that "crazy,
evil, wicked Texas lawyers nearly spat on Travis County Court and made Texas Courts not to review
American Presbyterian Church terrorism." He complains that the trial court judge was thirty minutes
late to the March 2 docket call and apparently that during that thirty minute delay, another trial court
judge presided over her own docket call.

 Before declaring someone a vexatious litigant, a trial court must find (i) that there is
no reasonably probability that the plaintiff will prevail in the subject lawsuit and (ii) that one of the
following is true: (1) in the seven years immediately preceding the motion, the plaintiff has filed at
least five pro se lawsuits that have been determined adversely to him, left pending for two years
without trial or a hearing, or have been judicially determined to be frivolous or groundless; (2) after
a suit was determined against the plaintiff, he has repeatedly relitigated or attempted to relitigate
pro se the validity of the initial determination or any of the already determined issues of fact or law
against the same defendant; or (3) he has been declared a vexatious litigant by a state or federal court
in a suit based on the same or substantially similar facts. Id. § 11.054. 

 The defendants presented proof that Kim had filed at least seventeen pro se suits in
the immediately preceding three years and had lost in ten of them; seven were still pending. The
defendants pointed out that Kim had appealed all ten suits in which he lost and that this Court had
determined eight of them against him, with two appeals still pending. (2) The defendants further
asserted that Kim could not prevail in this suit, noting that he lacked standing to recover damages
for his pastor's loss of employment, that the pastor voluntarily resigned his post and accepted a
severance package, and that Kim had not shown that at least one of the named defendants had any
involvement in the AKPC's decision-making or management. Two of the defendants also moved
for sanctions, calling Kim's pleadings "unintelligible" and asserting that Kim lacked standing to
assert a claim for wrongful termination on behalf of his pastor. 

 In response to the vexatious-litigant motion, Kim filed a motion to hold the
defendants' attorneys in contempt, calling the motion "junk and trash" and the lawyers "nearly
crazy," "nearly evil, wicked and dangerous." Kim then referred to another suit, calling the trial court
in that case a "monkey court" that was "horribly broken and wicked" and alleging that the court:


like American terrorists, like American enemies, without having a trial, dismissed
American terrorism to South Korea and dismissed American terrorism to Korean
people in Texas and American terrorism to South Korean Government, like the
American colonial government in the case . . . in which both South Korea and the
United States of America are terrorist countries whose government employees
kidnapped a [S]outh Korean citizen as well as a Texas citizen and American
permanent resident . . . from Texas to South Korea . . . .


 We have reviewed the pleadings Kim filed in this suit, the defendants' motion to have
him declared a vexatious litigant, and his filings in this Court, both in this suit and in other cases. 
Kim has filed numerous lawsuits against a wide range of defendants, apparently turning to the courts
whenever a dispute arises and filing nearly incomprehensible complaints against individual
defendants, trial courts that rule against him, trial court staff members, attorneys hired to represent
those he sues, and various state and federal officials, adding and omitting defendants as the
proceedings progress. Attempts by this Court to draw his attention to the rules of appellate
procedures and requirements imposed on litigants in the courts of appeals have been to no avail. 
Further, from what can be deciphered from his pleadings in the underlying suit, Kim lacks standing
to assert his complaints and therefore has no reasonable probability of victory. See Williams v. Lara,
52 S.W.3d 171, 178, 184 (Tex. 2001) (standing is constitutional prerequisite to maintaining suit and
controversy must exist between parties at every stage of legal proceedings for plaintiff to have
standing); Rooms With A View, Inc. v. Private Nat'l Mortgage Ass'n, 7 S.W.3d 840, 847 n.7
(Tex. App.--Austin 1999, pet. denied) (holding that plaintiff lacked standing to raise complaints on
behalf of bedridden home owners required to leave homes to sign home improvement contracts); see
also Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996)
(discussing distinction between standing and capacity; "A plaintiff has standing when it is personally
aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has
the legal authority to act, regardless of whether it has a justiciable interest in the controversy."). 
Thus, the trial court did not abuse its discretion in finding that Kim was a vexatious litigant. See
Leonard v. Abbott, 171 S.W.3d 451, 456-59 (Tex. App.--Austin 2005, pet. denied) (discussing
constitutionality of vexatious-litigant statute, determining that trial court decisions are reviewed for
abuse of discretion, and reviewing probability that appellant might prevail).

 Having determined that the trial court did not err in declaring Kim a vexatious
litigant, requiring him to post security to avoid dismissal of his suit, and barring him from filing any
other suits in a Texas court without approval, we deny the petition for writ of mandamus.


 __________________________________________

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: June 2, 2009
1. Kim entitled his filing a "Notice of Appeal," but he appeals not from later dismissal orders,
which dismiss Kim's claims against some of the named defendants, but from the order declaring him
a vexatious litigant and, apparently, an order sustaining a contest to his affidavit of indigence. 
Because Kim has named two trial court judges, members of their staff, and three attorneys for
various defendants as his opponents in this matter, we will consider it as a petition for writ of
mandamus. See Tex. R. App. P. 52.2 ("person against whom relief is sought--whether a judge,
court, tribunal, officer, or other person--is the respondent" in mandamus proceeding).
2. See In re Kim, No. 03-07-00218-CV (mandamus proceedings dismissed upon Kim's
clarification that he intended filing to be interpreted as notice of appeal, not petition for writ of
mandamus); In re Kim, No. 03-07-00219-CV (same); In re Kim, No. 03-07-00243-CV (same);
Kim v. State Farm Ins. Co., No. 03-07-00224-CV (affirming judgment in appellees' favor);
Kim v. United Cent. Bank, No. 03-07-00223-CV (interlocutory appeal from order transferring venue
to Dallas County; dismissed for want of jurisdiction); Kim v. Texas Workforce Comm'n, No. 03-07-00267 (pending); Kim v. Yeakel, No. 03-07-00309-CV (stayed due to removal to federal court);
Kim v. Austin Cmty. Coll., No. 03-07-00320-CV (interlocutory appeal from granting of continuance
and delay of trial setting; dismissed for want of jurisdiction); Kim v. Walnut Creek Apartment
Manager's Supervisors, No. 03-07-00519-CV (deleting appellate attorney's fee award due to lack
of appellate involvement by appellees and affirming modified judgment in appellees' favor);
Kim v. Moon Seok Kim, No. 03-08-00477-CV (pending).